### THE MEXICO.

### THE FORMICA.

(District Court, E. D. Virginia.   July 13, 1918.)

1. SALVAGE ⌖26—COMPENSATION FOR SERVICES—AMOUNT.
    Allowance should not be for entire time consumed in rendering salvage services, where time consumed was not a full loss, but to some extent part of the route of the ship rendering the services.

⌖For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. Salvage ⊘⊸27—Compensation for Services Rendered.

    In libel for salvage services rendered in towing a bark to anchor, total allowance of $20,000 *held* just for services rendered; value of the ship, when salvaged, together with cargo and freight money, being $91,930.

In Admiralty. Libel by Charles Christien, master of the steamship Mexico, against the bark Formica, to recover for salvage service. Decree in accordance with opinion, to be entered on presentation.

Allen D. Jones, of Newport News, Va., for libelant.

Hughes & Vandeventer, of Norfolk, Va., for respondent.

WADDILL, District Judge. The libel in this case is filed to recover for services rendered by the steamship Mexico to the bark Formica, commencing on the 13th day of May, 1917, under the following circumstances:

The Mexico was en route from New Orleans to Havre, heavily laden with iron billets, cotton, etc., and when some 100 miles to the southeastward of Cape Hatteras was signaled by the Formica, then in distress, en route from Plymouth, England, to Philadelphia, with a cargo of china clay. This was on Sunday, the 13th of May, about 12:30 p. m. The weather was such that it was impracticable for the Mexico to pass a line to the Formica, and she stood by until the following morning, about 9:30, when she succeeded in doing so, and towed her into Hampton Roads, reaching the Virginia capes the following Wednesday morning about 7:30, and Hampton Roads, off Old Point at 1:55 p. m., where the bark was safely anchored. The Mexico thereupon proceeded to Newport News, coaled, and took on stores, and was detained there until Friday morning at 6 o'clock; it being impracticable for her to leave before that time, under the war regulations then existing.

That the libelant's claim is one of merit is uncontroverted; indeed, the essential facts showing the meritorious service are all admitted, save as respects the value of the bark. The weather, at the time the service was undertaken and partly performed, was heavy, involving some risk to the salvors. The property saved was in a perilous condition, and might probably have proven a total loss, but for the fortuitous arrival of the Mexico. The service was timely, promptly, and efficiently rendered, and the time taken, as claimed by the libelant, was approximately six days, including the time necessary for the ship to get back on the across seas course. The libelant claims a direct loss of $3,400 a day for the time taken. The Mexico was a large ocean-going steamship of 4,885 tons gross, 3,100 net, 354 feet 4 inches long, 47.6 beam, 27.3 depth, admitted to be worth $1,387,000, and her cargo $1,200,000; her freight money due $186,324, and, estimating the time usually allowed for making her trips, her earnings were $3,400 a day. The Formica was a three masted bark, iron hull, 226 feet long, 34 feet beam, 1,145 tons, and 42 years old. Her value is the chief subject of dispute. She had on board a cargo valued at $13,586, and her freight money due $3,344, a total of $16,930. Respondent insists that the bark, in her damaged condition, was not worth

more than $30,000 to $35,000; whereas, libelant contends that she is worth very largely in excess of that, and at least $100,000, that the vessel sold shortly before the service was rendered for $120,000, and that she had been repaired at a cost estimated from $90,000 to $134,-000, and her present value was $250,000.

[1] The court's conclusion on the disputed testimony as to the value of the ship, when salved, is that it was probably worth $75,000, which, with the cargo and freight money, amounting to $16,930, made a total value of $91,930, and that the time for which allowances should be made for the service should be five, and not six, days, as the time consumed in coming to Hampton Roads was not a full loss, it being to some extent on the journey; that is, from the Virginia capes to a point intersecting the original course. The libelant claims for six days' time of the ship, at $3,400 per day, as actual loss, and $1,749 for money expended for ship's supplies and coaling at Newport News, made necessary by the departure of the vessel from the original course.

[2] The court is not inclined to award the full $3,400 a day, but thinks, on account of the loss of time, five days, at $3,000 a day, should be awarded, making $15,000, and on account of expenses and coaling $1,000 which sums, and a bounty of $4,000, making a total of $20,000, would seem to be a just allowance for the service rendered, taking into account the usual considerations that control in salvage awards.

A decree in accordance with the foregoing will be entered on presentation.